**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SANTOS LLORENS-FELICIANO,**

                **Plaintiff,**                 6:11-cv-924
                                                                  (GLS)
                v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinksy Law Group | HOWARD D. OLINSKY, ESQ. |
| 300 S. State Street | |
| 5th Floor, Suite 520 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | AMANDA J. LOCKSHIN |
| United States Attorney | MARIA P. FRAGASSI |
| 100 South Clinton Street | SANTANGELO |
| Syracuse, NY 13261 | Special Assistant U.S. Attorneys |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

                      **MEMORANDUM-DECISION AND ORDER**

# I. Introduction

Plaintiff Santos Llorens-Feliciano challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Llorens-Feliciano's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

# II. Background

On February 25, 2008, Llorens-Feliciano filed an application for DIB and SSI under the Social Security Act ("the Act"), alleging disability since October 9, 2000. (*See* Tr.[1] at 181, 193.) After his application was denied, Llorens-Feliciano requested a hearing before an Administrative Law Judge (ALJ), which was held on January 18, 2011. (*See id.* at 37-59.) On March 9, 2011, the ALJ issued a decision denying the requested benefits, (*see id.* at 17-31); however, the Social Security Administration Appeals Council partially modified that decision with respect to Llorens-Feliciano's claim for

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 10.)

SSI, (*see id.* at 1-3). While the Appeals Council determined that Llorens-Feliciano was eligible for SSI as of March 9, 2011, it affirmed all other aspects of the ALJ's decision. (*See id.* at 1-3, 9-12.)

Llorens-Feliciano commenced the present action by filing a Complaint on August 4, 2011 wherein he sought review of the Commissioner's determination. (*See* Compl. ¶¶ 1-7.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 9, 10.) Each party, seeking judgment on the pleadings, filed briefs. (*See* Dkt. Nos. 12, 16, 20.)

### III. **Contentions**

Llorens-Feliciano contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. Specifically, Llorens-Feliciano claims the ALJ: (1) denied him a full and fair hearing by not postponing the hearing "until the services of an acceptable interpreter were obtained"; (2) failed to find that his Post Traumatic Stress Disorder (PTSD) and knee impairment were severe; (3) erred in evaluating his HIV/AIDs under Listing 14.08; (4) incorrectly determined his residual functional capacity (RFC); (5) improperly evaluated his credibility; and (6) posed an incomplete hypothetical to the vocational expert. (*See* Dkt. No.

3

12 at 1.) The Commissioner counters that substantial evidence[2] supports the ALJ's decision. (*See generally* Dkt. No. 16.)

## IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 12 at 1-13; Dkt. No. 16 at 1-14.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Full and Fair Hearing

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the Regulations governing SSI are omitted.

4

Llorens-Feliciano argues that the ALJ deprived him of a full and fair hearing by not postponing the hearing until an acceptable interpreter was obtained.  (*See* Dkt. No. 12 at 14-15.)  In short, the Commissioner, and the court, disagree.  (*See* Dkt. No. 16 at 16-17).   While Llorens-Feliciano partially quotes two exchanges during the hearing, (*see* Dkt. No. 12 at 15), his selective citations are an inaccurate portrayal of the interpreter's performance.  For example, with respect to the question about watching television, (*see id.*), there was no problem with the translation; instead, neither Llorens-Feliciano, nor the lawyer who asked it, understood the question posed, (*see* Tr. at 51-52).  Moreover, at no time during the hearing did Llorens-Feliciano's counsel, who was present throughout, raise a concern regarding the interpreter's performance or seek an adjournment.  (*See* Tr. at 37-59.)  Because there is no evidence that Llorens-Feliciano was denied a full and fair hearing, his argument to the contrary is rejected.

**B.     Step Two Findings**

Next, Llorens-Feliciano contends that the ALJ should have found that his PTSD and knee impairment were severe.  (*See* Dkt. No. 12 at 16-18.)  In response, the Commissioner argues that Llorens-Feliciano's claims are meritless as he failed to adduce any evidence regarding his knee

5

impairment, and substantial evidence supports the ALJ's finding with respect to the PTSD. (*See* Dkt. No. 16 at 17-19.) Again, the court agrees with the Commissioner.

A finding of not severe is appropriate when an impairment, or combination of those impairments "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Here, when asked about his right knee, Llorens-Feliciano admitted that he neither sought treatment nor attempted to treat himself. (*See* Tr. at 48-49.) While he did experience pain as a result of the cold weather, (*see id.* at 49), Llorens-Feliciano's July 2006 examination of the knee was completely unremarkable, (*see id.* at 301). Most importantly though, there is no evidence in the record that Llorens-Feliciano's knee impairment "significantly limit[ed] [his] physical . . . ability to do basic work activities." 20 C.F.R. § 404.1521(a).

Similarly, Llorens-Feliciano does not even allege that his PTSD, assuming he suffers from it, significantly limited his abilities. (*See* Dkt. No. 12 at 16-17.) Though he avers that the ALJ simply "disregarded the diagnosis of PTSD," (*id.* at 16), the ALJ's decision demonstrates otherwise, (*see* Tr. at 28-29). Indeed, there is ample support in the record for the

6

ALJ's conclusion that Llorens-Feliciano's PTSD was not severe. (*See, e.g.*, *id.* at 479, 524-26.) As such, the ALJ's findings at Step two are affirmed.

**C.   Listing 14.08**

With respect to Listing 14.08, Llorens-Feliciano claims that his HIV/AIDs satisfies the Listing's requirements. (*See* Dkt. No. 12 at 18-19.) This argument, however, appears to be concerned with form as opposed to substance. To explain, Llorens-Feliciano's brief states that the ALJ erred when he "provided minimal, incorrect, rationale while citing no medical evidence for his Step 3 finding regarding Listing 14.08." (Dkt. No. 12 at 18.) However, the ALJ's decision not only considered that Listing, but it also explains, albeit succinctly, why Llorens-Feliciano does not meet it. (*See* Tr. at 23.) The ALJ's statement that Llorens-Feliciano "has [not] presented with any . . . sustaining illness" speaks directly to the criteria of Listing 14.08(D)(2)(a). (*Id.*); *see* 20 C.F.R. pt. 404, subpt. P, app. 1 § 14.08(D)(2)(a).

And even if it did not, a listing determination may still be upheld despite "the absence of an express rationale," where "portions of the . . . decision and the evidence . . . indicate that [the ALJ's] conclusion was

7

supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982). Here, the ALJ provided additional support for his Listing decision in his RFC assessment. (*See* Tr. at 25.) Although he did not repeat all of the medical evidence in the opinion, he cited the applicable records, and those records substantiate his Listing assessment. (*See id.*; *see also* Tr. at 284, 442, 488-89) Thus, in spite of the brevity of the ALJ's Listing analysis, his examination of the evidence provides substantial support for the determination that Llorens-Feliciano's HIV/AIDs did not meet or medically equal a Listing.

## D.     RFC Determination

Llorens-Feliciano argues that the ALJ incorrectly weighed the opinion evidence, and consequently, erred in determining his RFC.[4] (Dkt. No. 12 at 19-21.) The Commissioner counters that the ALJ properly evaluated the opinions of record and that his RFC is supported by substantial evidence. (*See* Dkt. No. 16 at 20-23.) The court agrees with the Commissioner.

---

[4] A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. See 42 U.S.C. § 405(g).

8

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 404.1527(c). Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Id.* § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Unless controlling weight is given to a treating source's opinion, the ALJ must consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See* 20 C.F.R. § 404.1527(c).

Here, Llorens-Feliciano's claim that the ALJ erred with respect to the weight accorded to the opinions of Dr. Paul Redstone and therapist Agusto Linarez is unfounded. (*See* Dkt. No. 12 at 19.) In determining that the opinions were entitled to "little to no weight," the ALJ noted that Dr. Redstone was merely a co-signor, and further stated that the opinion, which was apparently rendered by Linarez—who is not an acceptable medical source, 20 C.F.R. § 404.1513(a), (d)—were inconsistent with

9

Llorens-Feliciano's treatment records. (*See* Tr. at 29.) Even if therapist Linarez's opinion was entitled to some weight, his opinion consists of a "[f]ill in the blank medical source statement[]," (*see id.* at 544-45), which is "marginally useful for purposes of creating a meaningful and reviewable factual record." *Halloran v. Barnhart*, 362 F.3d 28, 31 n.2 (2d Cir. 2004); *see also Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.") Consequently, the court discerns no error in the ALJ's assessment of these opinions.

Llorens-Feliciano's claim that the ALJ's failure to adopt the postural limitations recommended by Dr. Elaine Hom requires remand is also rejected. (*See* Dkt. No. 12 at 19.) In determining Llorens-Feliciano's RFC, the ALJ afforded the "greatest weight" to Drs. Hom and M. Douglas Poirier, who, unlike Dr. Hom, opined that Llorens-Feliciano had no postural limitations. (Tr. at 27, 400, 455.) Though he relied on both, the ALJ was required to resolve the conflict between the opinions, which he did in favor of Dr. Poirier's. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

In sum, the ALJ determined that Llorens-Feliciano had the RFC "to perform light work" with certain restrictions. (Tr. at 24.) In so doing, he thoroughly examined all of the opinion evidence, applied the appropriate legal standards and arrived at an RFC that is supported by substantial evidence. (*See id.* at 27-29.) His RFC assessment is therefore affirmed.

## E. Credibility Assessment

Llorens-Feliciano further argues that the ALJ improperly assessed his credibility. (*See* Dkt. No. 12 at 21-23.) Again, the court disagrees, as a review of the ALJ's opinion demonstrates that he paid particular attention to what he labeled a "predominant issue." (Tr. at 26.) Indeed, as the ALJ noted, the record is replete with examples of "inconsistencies on the part of [Llorens-Feliciano] during visits to various medical professionals." (*Id.*; *see* Dkt. No. 16 at 23-24.) For example, Llorens-Feliciano displayed a lack of candor regarding his use of alcohol, (*compare* Tr. at 50, *with* Tr. at 458), his history of self-harm and his criminal record, (*compare* Tr. at 463, *with* Tr. at 356). Given Llorens-Feliciano's propensity for untruthfulness, it was reasonable for the ALJ to discredit him, and rely exclusively on objective medical evidence. (*See* Tr. at 26-27.) Because his reasoning for doing so is "set forth . . . with sufficient specificity . . . [and] is supported by

11

substantial evidence," the ALJ's credibility assessment is conclusive. *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

**F.     Vocational Expert**

Llorens-Feliciano's final argument—that the ALJ posed an incomplete hypothetical to the vocational expert—is also without merit because it assumes that there were errors in the earlier steps. (*See* Dkt. No. 12 at 23-25.) However, because the court has already found otherwise, it suffices to say that Llorens-Feliciano's argument is untenable. As such, the ALJ's use of a vocational expert was appropriate, as the hypothetical posed was supported by the record. (*See* Tr. at 30.)

**G.     Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Llorens-Feliciano's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court